SCHULTZ et al. v. FALK.

Civ. No. 2856.

United States District Court
W. D. Louisiana, Shreveport Division.

May 25, 1950.

Wilson, Abramson & Maroun, Shreveport, Louisiana, for plaintiffs.

Hussey & Smith, W. T. Saye, Shreveport, Louisiana, for defendant.

DAWKINS, Chief Judge.

This action was brought originally in the State Court of Louisiana and removed here by defendant because of diverse citizenship. Plaintiffs have moved to remand, contending that, on its face, the present complaint is a call in warranty under Louisiana law and practice, to have Falk defend an earlier suit by one Charles H. Treadwell, a citizen of Louisiana, also filed in the State Court, which had for its purpose the annulling of a contract to recover the purchase price of certain steel beams purchased from Falk through the present plaintiffs, Schultz and others, as brokers.

The prayer of the complaint in this case is that "it be consolidated with Suit No. 103,180 * * * entitled Charles H. Treadwell v. Joseph Schultz et al.," that Falk be cited, "and should judgment be rendered * * * against your petitioners, or either of them * * *, in that event there should be judgment in favor of your petitioners" for whatever amount should be recovered against complainants.

The description of the character of the Treadwell suit (which is not before this Court at this time) and which must be accepted for the purpose of this motion to remand, fits that of the "Definition of Redhibition" found in Article 2520 of the Revised Civil Code: "Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice."

See, also, Articles 2543 and 2547, Revised Civil Code.

The removed complaint charges in substance that petitioners, acting as brokers, contacted defendant Falk, who was also in the scrap metal business, and that Treadwell was shown samples by Falk which met the specifications required and that the purchase price of $14,500, less $696.15 commission, was by complainants paid to Falk; that Treadwell gave the order for shipment and Falk made delivery from stock located at Mobile, Alabama, and billed Schultz and the Louisiana Trading Company, Inc., complainants here, for the sum stated, less the commission, which was paid and the price collected from Treadwell; that the beams proved worthless for the purpose intended, and Treadwell instituted the first suit in the State Court against the present complainants, who, in turn, in order to protect themselves in the event of recovery, brought this action in warranty, with the intention that it should be given the same number as the Treadwell suit, but through mistake the Clerk of the State Court gave it a separate number.

The pertinent allegations are found in Articles 2, 9, 12, 13, 15, 16, 17, 18 and 19, and are as follows:

"2.

"Petitioners show that as will appear from the said suit the basis thereof is that Charles H. Treadwell allegedly purchased from your plaintiffs herein 200,000 lbs. of 6″ "H" Beams for the total sum of $14,500.-00; that the said Charles H. Treadwell paid therefor; that the said beams were delivered in January of 1949; that upon arrival at their destination in New Orleans, Louisiana, the beams were found to be badly corroded and unfit for construction purposes and that they did not conform to the quality of the beams shown to the said Charles H. Treadwell and that not meeting the specifications the said Charles H. Treadwell was entitled to a return of the purchase price of $14,500.00."

"9.

"Petitioners show that they then notified Charles H. Treadwell that beams were in the possession of the Texas Scrap Material Company and accordingly Charles H. Treadwell and Joseph Schultz went together to Longview, Texas, where negotiations were entered into between Irving Falk, owner of the Texas Scrap Material Company, and Charles H. Treadwell on behalf of the Industrias Unidas S.A., by which it

was agreed that beams of a like nature as those inspected at Longview, Texas, upon shipping instructions from Charles H. Treadwell would be shipped to such point as he selected. The beams were to be shipped from Mobile, Alabama, where they were located."

"12.

"Petitioners show that at the time the beams were located at Mobile, Alabama, and that while it was contemplated that the payments were to be made for the account of purchaser, they were not ordered and shipped until January, 1949, as the said Charles H. Treadwell, having made a deposit on them, refused to give any shipping instructions and accordingly your petitioners were unable to order them out from the Texas Scrap Material Company."

"13.

"Petitioners show that in January, 1949, Charles H. Treadwell notified your petitioners to ship the beams from Mobile, Alabama, to the Security Warehouse Corporation of New Orleans, for the account of Charles H. Treadwell; accordingly your petitioners in January, 1949, notified the Texas Scrap Material Company who, over the Gulf, Mobile, and Ohio Railroad Company, on January 24, 1949, shipped the beams consigned to Charles H. Treadwell, Security Warehouse Company, New Orleans, Louisiana, and on January 27, 1949, billed your petitioner, Louisiana Trading Company, Inc., for the sum of $14,420.25, less a commission of $695.15, which your petitioner, Louisiana Trading Company, Inc., paid over to the Texas Scrap Material Company out of the monies delivered to it for this purpose by Charles H. Treadwell on behalf of his principal, the Industrias Unidas, S.A."

"15.

"Petitioners show that should either of them, or both of them, be held to be agents of the Texas Scrap Material Company, the seller, then and in that event they are entitled to call their principal in warranty and are entitled to be protected against liability to the said Charles H. Treadwell.

"16.

"In the further alternative and should the Court find that your petitioners, or either of them, were not agents but were the vendors of the steel beams to the plaintiff, Charles H. Treadwell, and in the event the court should find that the plaintiff, Charles H. Treadwell, is entitled to recover from your petitioners, or either of them, the amount of his claim, to-wit: $14,500.00, because the beams were misrepresented, badly defective and unfit for construction purposes, then in that event petitioners show that the said beams were sold to your petitioners for the purpose of resale to the said Charles H. Treadwell, as agent for the Industrias Unidas S.A., and that the representations allegedy made to the said Charles H. Treadwell, if any, that the beams would be suitable for use in construction work and would be like those pointed out to him at Longview, Texas, by Irving Falk of the Texas Scrap Material Company, who orally guaranteed that the beams to be shipped would be equal or of better quality than that which was inspected and guaranteed and further guaranteed that they would be suitable for construction work; that if such guarantees were made in law by petitioners to Charles H. Treadwell, that then and in fact, they were made by the Texas Scrap Material Company, through Irving Falk, to your petitioners, or either of them.

"17.

"Petitioners show that if it should be found that the beams were defective and unfit for the purpose for which they were bought because of any express or implied warranty as hereinabove set forth, that then and in that event your petitioners are entitled to have recourse to the extent of a rescission of the sale of the beams and a refund of the purchase price of $14,500.00 from Irving Falk, owner of the Texas Scrap Material Company.

"18.

"Petitioners show that as soon as they learned from Charles H. Treadwell of his contentions as to the condition of the beams

he immediately notified the Texas Scrap Material Company, through Irving Falk, who immediately went to New Orleans and made an inspection but refused to make a refund of the purchase price or any part thereof.

### "19.

"Petitioners show that they are therefore entitled to call in warranty in this action the said Irving Falk, owner of the Texas Scrap Material Company, and are further entitled to have this action consolidated with Suit No. 103,180 on the docket of this Court entitled Charles H. Treadwell v. Joseph Schultz, et al., for the purpose of trial."

The definition of redhibition carries with it the implied warranty that the thing sold shall meet the purpose for which it is intended, especially when that purpose, as alleged here, is made known to the seller who, in confirmance thereof, exhibits a proposed sample of the article which is to be delivered.

A defendant sued by one to whom he has sold, may call his vendor in warranty in the same suit, or bring an independent action in warranty for whatever he is condemned to pay, but runs the risk that if the warrantor could have made a defense to defeat the action, then the failure to call him in precludes recovery. See Louisiana Code of Practice, Articles 382–388. Article 423 of the Louisiana Code of Practice declares: "Consolidation of suits may be ordered, whenever a demand in warranty has been instituted before the same court separately from the main action, provided the two suits are ready for trial at the same time."

The prayer of the complaint in the present case is for such consolidation, and since it involves the same subject matter as the original suit and only the contingent liability of the defendant in warranty, a decision of the Treadwell case favorable to Schultz and the Louisiana Trading Company would necessarily dispose of both cases. In this situation, it is believed that the Court is justified in remanding the case to the State Court and that the motion to remand should be granted.